UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------------------X

DAVID PULLMAN, as co-administrator of BRADLEY
PULLMAN'S estate,

                           Plaintiff,

                    -against-

PASSAIC COUNTY NEW JERSEY, THE CITY OF MOUNTAIN LAKES NEW JERSEY, CITY OF MOUNTAIN LAKES POLICE DEPARTMENT, THE CITY OF FAIRFIELD NEW JERSEY, THE CITY OF FAIRFIELD POLICE DEPARTMENT, THE CITY OF WAYNE NEW JERSEY, THE CITY WAYNE POLICE DEPARTMENT, CITY OF MOUNTAIN LAKES POLICE DEPARTMENT CHIEF SHAWN BENNETT, in his official and individual capacity, THE CITY OF FAIRFIELD POLICE DEPARTMENT CHIEF ANTHONY MANNA, in his official and individual capacity, THE CITY WAYNE POLICE DEPT CHIEF JAMES CLARKE, in his official and individual capacity, SGT. FRANK TRACEY OF THE FAIRFIELD POLICE DEPARTMENT, in his official and individual capacity, OFFICER JAMES CIAMPI OF THE FAIRFIELD POLICE DEPARTMENT, in his official and individual capacity, OFFICER KEVIN CHEN OF THE FAIRFIELD POLICE DEPARTMENT, in his official and individual capacity, LT. ROBERT FRANCO OF THE WAYNE POLICE DEPARTMENT, in his official and individual capacity, ALL OTHER MOUNTAIN LAKES POLICE OFFICER INVOLVED JOHN AND JANE DOES 1-10, names currently unknown, in their official and personal capacity, ALL OTHER FAIRFIELD POLICE OFFICER INVOLVED JOHN AND JANE DOES 1-10 names currently unknown, in their official and personal capacity, ALL OTHER THE CITY OF WAYNE POLICE OFFICER INVOLVED JOHN AND JANE DOES 1-10 names currently unknown, in their official and personal capacity, ALL OTHER PASSAIC COUNTY EMPLOYEE INVOLVED JOHN AND JANE DOES 1-10 names currently unknown, in their official and personal capacity, ALL OTHER STATE OF NEW JERSEY GOVERNMENT EMPLOYEE INVOLVED JOHN AND JANE DOES 1-10 names currently unknown, in their official and personal capacity.

                       Defendants.

---------------------------------------------------------------------------X

COMPLAINT

Case No:

      Respectfully submitted, by Alexander Roytblat, the Roytblat Law Group, PLLC, Attorneys

for Plaintiff, 2663 Coney Island Avenue, 2nd Floor Brooklyn, New York 11223, (718) 872-6374.

Plaintiff, by his attorneys, Roytblat Law Group, PLLC, as and for his Amended Complaint against the defendants respectfully sets forth:

## INTRODUCTION

1. This is an action for money damages against PASSAIC COUNTY NEW JERSEY, THE CITY OF MOUNTAIN LAKES NEW JERSEY, CITY OF MOUNTAIN LAKES POLICE DEPARTMENT, THE CITY OF FAIRFIELD NEW JERSEY, THE CITY OF FAIRFIELD POLICE DEPARTMENT, THE CITY OF WAYNE NEW JERSEY, THE CITY WAYNE POLICE DEPARTMENT (hereinafter collectively referred to as MUNICIPAL DEFENDANTS), CITY OF MOUNTAIN LAKES POLICE DEPARTMENT CHIEF SHAWN BENNETT, in his official and individual capacity, THE CITY OF FAIRFIELD POLICE DEPARTMENT CHIEF ANTHONY MANNA, in his official and individual capacity, THE CITY WAYNE POLICE DEPT CHIEF JAMES CLARKE, in his official and individual capacity, LT. ROBERT FRANCO OF THE WAYNE POLICE DEPARTMENT, in his official and individual capacity (hereinafter collectively referred to as SUPERVISORY OFFICERS), SGT. FRANK TRACEY OF THE FAIRFIELD POLICE DEPARTMENT, in his official and individual capacity, OFFICER JAMES CIAMPI OF THE FAIRFIELD POLICE DEPARTMENT, in his official and individual capacity, OFFICER KEVIN CHEN OF THE FAIRFIELD POLICE DEPARTMENT, in his official and individual capacity, ALL OTHER MOUNTAIN LAKES POLICE OFFICERS INVOLVED JOHN AND JANE DOES 1-10, names currently unknown, in their official and personal capacity, ALL OTHER FAIRFIELD POLICE OFFICERS INVOLVED JOHN and JANE DOES 1-10 names currently unknown, in their official and personal capacity, ALL OTHER THE CITY OF WAYNE POLICE OFFICERS INVOLVED JOHN and JANE DOES 1-10 names currently unknown, in their official and personal capacity, ALL OTHER PASSAIC COUNTY EMPLOYEES INVOLVED JOHN AND JANE DOES 1-10 names currently unknown, in their official and personal capacity, ALL OTHER STATE OF NEW JERSEY GOVERNMENT EMPLOYEES INVOLVED JOHN and

JANE DOES 1-10 names currently unknown, in their official and personal capacity (hereinafter referred to as OFFICER DEFENDANTS), for committing acts under color of law and depriving BRANDLEY PULLMAN of life and rights secured by the Constitution and laws of the United States and the State of New Jersey.

2.      Plaintiff alleges that on April 26, 2020, OFFICER DEFENDANTS unlawfully and wrongfully pursued, severely assaulted, shot at and killed BRADLEY PULLMAN, and were negligent, gross negligent, reckless, willful and malicious in their failure to prevent the assault, deescalate and subsequent death of BRADLEY PULLMAN, all in violation of his constitutional and **civil rights**, The State of New Jersey Constitution, local laws and ordinances and with great endangerment toward the plaintiff's emotional and physical well-being.

3.      Plaintiff further alleges that Municipal defendants, were negligent in training, hiring and supervising defendants, OFFICER DEFENDANTS and SUPERVISORY OFFICERS, in their official and personal capacity.

4.      Additionally, all defendants are liable to the plaintiff for conspiring to condone and encourage such **civil rights** violations by failing to properly investigate and punish the actions of the defendant police officers, and by maliciously fabricating, failing to investigate, failing to enforce standing rules, regulations, laws and policies with respect to police pursuits, abusing process, wrongfully pursuing BRADLEY PULLMAN, which improperly subjected him to his eventual death as a consequence of their unlawful, reckless and malicious actions. Said failure to reasonably investigate and take appropriate action to protect and secure the rights of BRADLEY PULLMAN led to his harm and detriment.

5.      The defendant officers through their misconduct, by failing to follow the standing State of New Jersey police pursuit policies, refusing to conduct even the most rudimentary investigation, severely assaulting and eventually killing the plaintiff all form part of a pervasive pattern of neglect and callous indifference towards the systemic violations of civil and due process

rights.

6.      This pattern of indifference within the Municipal defendants encourage prosecutors, judges and police officers to believe that they can abuse members of the public with impunity, and thus foreseeably lead to the unjustified police pursuit, severe assault, intentional infliction of emotional distress leveled against, BRADLEY PULLMAN and his eventual death.

## JURISDICTION

7.      This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and 1344 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law.

## VENUE

8.      Venue lies in the District of New Jersey in that it represents the location of the occurrence District of New Jersey, to wit, Passaic County.

## NOTICE OF CLAIM

9.      Plaintiff, in furtherance of the causes of action stated herein, filed a notice of claim against the Municipal Defendants in compliance with the N.J.S.A. § 59:8.

10.     More than thirty (30) days have elapsed since service of said notice, and the Municipal Defendants has failed to pay or adjust the claim.

11.     This action has been commenced within two (2) years after the happening of the events upon which these claims arise.

## PARTIES

12.     BRADLEY PULLMAN is, and at all times covered in the complaint, was a United States citizen, residing in the state of New York.

13.     DAVID PULLMAN, as co-administrator of BRADLEY PULLMAN'S estate, is a

United States citizen, residing in the state of California and is a personal representative of estate of BRADLEY PULLMAN, the plaintiff herein.

14. The defendant CITY OF MOUNTAIN LAKES, NEW JERSEY is a duly constituted municipal corporation of the State of New Jersey and is and was the employer of defendants CHIEF SHAWN BENNETT and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown.

15. The defendant CITY OF FAIRFIELD, NEW JERSEY is a duly constituted municipal corporation of the State of New Jersey and is and was the employer of defendants CHIEF ANTHONY MANNA, SGT. FRANK TRACEY, POLICE OFFICER JAMES CIAMPI, POLICE OFFICER KEVIN CHEN and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown.)

16. The defendant CITY OF WAYNE, NEW JERSEY is a duly constituted municipal corporation of the State of New Jersey and is and was the employer of defendants CHIEF JAMES CLARKE, LT. ROBERT FRANCO and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown.

17. That defendant THE CITY OF MOINTAIN LAKES POLICE DEPARTMENT was and is an agency of the CITY OF MOUNTAIN LAKES, NEW JERSEY.

18. That defendant THE CITY OF FAIRFIELD POLICE DEPARTMENT was and is an agency of the CITY OF FAIFIELD, NEW JERSEY.

19. That defendant THE CITY OF FAIRFIELD POLICE DEPARTMENT was and is an agency of the CITY OF FAIFIELD, NEW JERSEY.

20. That the defendant THE CITY WAYNE POLICE Department was and is an agency of the CITY OF WAYNE, NEW JERSEY.

21. That defendant, CHIEF SHAWN BENNETT (hereinafter referred to as BENNET), is at all times herein mentioned, a police officer employed by the CITY OF MOUNTAIN LAKES

POLICE DEPARTMENT under the direction of the CITY OF MOUNTAIN LAKES POLICE DEPARTMENT and CITY OF MOUNTAIN LAKES and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New Jersey and/or CITY OF MOUNTAIN LAKES, and acting in his individual and official capacity.

22.    That defendant, CHIEF ANTHONY MANNA (hereinafter referred to as MANNA), at all times herein mentioned, a police officer employed by the CITY OF FAIRFIELD POLICE DEPARTMENT under the direction of the CFPD and the CITY OF FAIRFIELD and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New Jersey and/or the CITY, and acting in his individual and official capacity.

23.    That defendant, CHIEF JAMES CLARKE (hereinafter referred to as MANNA), at all times herein mentioned, a police officer employed by the CITY WAYNE under the direction of the WPD and the CITY OF WAYNE, NEW JERSEY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the CITY OF WAYNE, and acting in his individual and official capacity.

24.    That defendant, SGT. FRANK TRACEY (hereinafter referred to as TRACEY), at all times herein mentioned, a police officer employed by the CITY OF FAIRFIELD, NEW JERSEY under the direction of the FPD and the CITY OF FAIRFIELD, NEW JERSEY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the CITY OF FAIRFIELD, and acting in his individual and official capacity.

25.    That defendant, POLICE OFFICER JAMES CIAMPI (hereinafter referred to as CIAMPI), at all times herein mentioned, a police officer employed by the CITY OF FAIRFIELD,

NEW JERSEY under the direction of the FPD and the CITY OF FAIRFIELD, NEW JERSEY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New Jersey and/or the CITY OF FAIRFIELD, and acting in his individual and official capacity.

26.     That defendant, POLICE OFFICER KEVIN CHEN (hereinafter referred to as CHEN), at all times herein mentioned, a police officer employed by the CITY OF FAIRFIELD, NEW JERSEY under the direction of the FPD and the CITY OF FAIRFIELD, NEW JERSEY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New Jersey and/or the CITY OF FAIRFIELD, and acting in his individual and official capacity.

27.     That defendant, LT. ROBERT FRANCO (hereinafter referred to as FRANCO), at all times herein mentioned, a police officer employed by the CITY WAYNE under the direction of the WPD and the CITY OF WAYNE, NEW JERSEY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New Jersey and/or the CITY OF WAYNE, and acting in his individual and official capacity.

28.     During all times mentioned in this complaint the defendants were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New Jersey and/or the municipal defendants herein.

29.     During all times mentioned in this complaint the defendants and each of them, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

30. Each of the defendants at all times relevant to this action had the power and the duty to restrain the other defendants and prevent them from violating the law and the rights of the plaintiff but each of the defendants failed and refused to perform that duty, failed and refused to restrain the other defendants and thereby became a party to the unnecessary subjection of harm and denial of basic rights of the Plaintiff.

## FACTUAL ALLEGATIONS

31. Plaintiff, BRADLEY PULLMAN, reiterates and realleges each and every allegation contained in paragraphs 1 through 30 of this complaint with the same force and effect as though fully set forth herein.

32. Plaintiff was wrongfully and improperly pursued, shot and killed, through defendants willfully and maliciously disregarding the lack of any basis for BRADLEY PULLMAN's motor pursuit whatsoever and willfully and maliciously proceeded with shooting and killing him, while they had no probable cause and legal basis to do so.

33. On May 7, 2019, in Wayne, New Jersey, the plaintiff, BRADLEY PULLMAN, was unlawfully pursued, shot and killed by defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN.

34. Upon information and belief, on the day of the arrest, while lawfully driving on April 26, 2020, City of Wayne, New Jersey, BRADLEY PULLMAN was improperly and in violation of standing procedures, pursued by defendants BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN for allegedly making an illegal U-turn and upon stopping his vehicle shot and killed by the aforementioned individual defendants.

35. Upon information and belief, upon his attempt to exit his vehicle in order to surrender, he was, without any provocation, shot and killed by the defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN.

36. On information and belief, at the time of the shooting, DECEDENT did not pose an

immediate threat of death, or serious bodily injury to BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, or other DEFENDANT OFFICERS, or anyone else. DECEDENT was struck by the gun projectiles multiple times, including in the head, and ultimately died from the gunshot wounds.

37.     Upon information and belief, BRADLEY PULLMAN was chased by defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN in their vehicles and shot and killed upon his attempt to exit his vehicle in order to surrender to the authorities.

38.     Upon information and belief, defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN were not in an immediate risk of harm to their health and lives and lacked probable cause, reasonable suspicion that BRADLEY PULLMAN represented an immediate risk of harm to their health and lives, or justifiable reason for use of a deadly force against BRADLEY PULLMAN.

## AS AND FOR A FIRST CAUSE OF ACTION 42 U.S.C. § 1983

39.     The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 37 of this complaint with the same force and effect as though fully set forth herein.

40.     The defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, were not in an immediate risk of harm to their health and lives and lacked probable cause, reasonable suspicion that BRADLEY PULLMAN represented an immediate risk of harm to their health and lives, or justifiable reason for use of a deadly force against BRADLEY PULLMAN.

41.     The wrongful, motor vehicle pursuit, assault, use of deadly force and death against BRADLE PULLMAN by the defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacities were committed under color of law, customs, and statutes of the state of New Jersey.

42.     Defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and

CHEN, in their official and individual capacity and other SUPERVISORY and POLICE OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, fired multiple shots at BRADLEY PULLMAN without justification. The shooting was excessive and unreasonable, particularly because, on information and belief, at the time of the shooting, BRADLEY PULLMAN was unarmed and did not pose an immediate threat of death or serious bodily injury to BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and other SUPERVISORY and POLICE OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity or anyone else.

43.     BRADLEY PULLMAN was struck by the gunshots multiple times, including in the head, and ultimately died from the gunshot wounds.

44.     Under color of law, the municipal defendants, individual defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN in their official and individual capacity and other SUPERVISORY and POLICE OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, deprived the plaintiff BRADLEY PULLMAN of his Fourth, Fifth, and Fourteenth Amendment rights to protection from unlawful search and seizure, Equal Protection and Due Process, by unlawfully pursuing him, unjustifiably using deadly force against him and killing him, for which there is no evidence or substantiation of any kind.

45.     The abuse of process, failure to properly investigate, intentional and false imprisonment, assault and battery, improper vehicular pursuit in violation of rules and regulations and improper use of lethal force, had been inflicted by defendants on plaintiff.

46.     BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN's unjustified shooting deprived BRADLEY PULLMAN of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

47.     As a result of the foregoing, BRADLEY PULLMAN suffered great physical pain

and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

48.    The conduct of BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and other SUPERVISORY and POLICE OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of BRADLEY PULLMAN, and therefore warrants the imposition of exemplary and punitive damages as to Defendants BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and other SUPERVISORY and POLICE OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity.

49.    The shooting was excessive and unreasonable, and BRADLEY PULLMAN posed no immediate threat of death or serious bodily injury at the time of the shooting. Further, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN's shooting, and use of force violated their training and standard police officer training. Such actions were negligent, reckless, unreasonable and unauthorized, as defendants had a duty to not subject BRADLEY PULLMAN to A use of excessive and lethal force and subject him to summary punishment but failed to prevent same and breached their duty.

50.    The Municipal defendants, defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN in their official and individual capacity, acted under color of law to deny the plaintiff his constitutional rights to due process by wrongfully warranting custody, or other due process guarantees secured to the plaintiff by the Fifth and Fourteenth Amendments of the United States Constitution.

51.    Such abuse of process was continued by the defendants, Municipal defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity, in their refusal to adequately investigate the charges against the BRADLEY

PULLMAN and to properly review and investigate the actions of defendant officers and officials for their actions against BRADLEY PULLMAN. Specifically, defendants used unlawful, unwarranted, and excessive lethal force causing BRADLEY PULLMAN's injuries and death.

52.    BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity, failed to provide proper and effective treatment and or assistance for these ailments- all of which stemmed from the excessive force, unlawful, unjustified, and unreasonable use of lethal force against of plaintiff.

53.    As a consequence of defendants' wrongful actions, intentional assault and battery, negligent behavior, and violation of state and federal laws, plaintiff was deprived of his freedom, was subject to great physical harm, was made to suffer great pain and suffering, and was subjected to great fear and terror and death as a result of the aforesaid unlawful conduct of Municipal defendants, defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity.

54.    That said occurrence and the resulting personal injuries to the said plaintiff were caused through no fault of his own but, were caused solely and wholly by reason of the unlawful acts of the aforementioned defendants as set forth above.

55.    That by reason of the foregoing, plaintiffs have been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 Municipal Liability

56.    The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 48 of this complaint with the same force and effect as though fully set forth herein.

57.    In actively inflicting and failing to prevent the above stated abuses incurred by plaintiff, all of the defendants acted unreasonably, recklessly, and negligently in failing to exercise

the slightest amount of due care to secure and protect the civil and constitutional rights of the plaintiff against illegal search and seizure, physical abuse, detained custody and other due process violations. Said rights are guaranteed to the plaintiff by 42 U.S.C. §§ 1983, 1985, and by the Fourth, Fifth, and Fourteenth Amendment of the Constitution.

58.    Both before and after April 26, 2020, the Municipal defendants, defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity, have permitted, tolerated and encouraged a pattern and practice of unjustified, unreasonable and illegal abuses and use of excessive and unwarranted lethal force against persons by police officers of the Municipal defendants. Although such police conduct was improper, said incidents were covered up by the Municipal defendants, defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity, by official claims that the officers' harassments, false arrests, malicious prosecutions, and false imprisonments were justified and proper, or by leveling false charges against the persons so falsely charged, so as to insulate the offending police officers and other officials. Said charges and official claims have been fully backed by the Municipal defendants, defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity, who have repeatedly and unreasonably sided with the abuse of persons so effected in nearly all cases, despite vast evidence of wrongdoing by these officers against persons, including BRADLEY PULLMAN.

59.    Additionally, the Municipal defendants, defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity, have systematically failed to identify the improper abuse, misuse, violative acts and brutality by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision or restraint.

60.    Upon information and belief, specific systemic flaws in the Municipal defendants,

defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, misconduct review process include but are not limited to the following:

a. Preparing reports regarding investigations of unwarranted incidents as routine point-by-point justification of the police officers' actions regardless of whether such actions are justified;

b. Police officers investigating unwarranted incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

c. Police officers investigating unwarranted incidents fail to include in their reports relevant factual information which would tend to contradict the statements of the police officer involved;

d. Police officers and assistants of district attorney fail to credit with appropriate weight and attention any and all information tending to exonerate defendants;

e. Supervisory police officers exonerate police officers for misconduct and abuse of process before the investigation of the incident by the police department has been completed;

f. Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

g. The Municipal defendants, defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, hastily accepts the polices' above-as provided information from police reports regarding abuses and civil rights infringements, despite strong evidence to suggest that the police reports are inaccurate, untruthful, and meant to conceal blatant police misconduct.

61.     Said cover-up by the defendants Municipal defendants, defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity was executed in this case, where the defendants failed to sufficiently investigate the correct identity of the BRADLEY PULLMAN and instead acted under color of statute to knowingly impose false criminal charges upon the plaintiff.

62.     By permitting and assisting such a pattern of police misconduct, the and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, have acted under color of custom and policy to condone, encourage and promote the deprivation of BRADLEY PULLMAN's Fourth, Fifth and Fourteenth Amendment rights; to wit the defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity, in their official and individual capacity were encouraged by the Municipal defendants and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, to believe that their actions against the plaintiff would be accepted without impunity, just as these actions have been so accepted to date.

63.     As a consequence of the defendants' systemic practice, pattern, and custom of intentionally promoting and supporting officers' and official violations of 42 U.S.C. § 1983, Plaintiff was deprived of his freedom and physically and emotionally harmed, to the extent of which he suffered from sleeplessness, headaches, anxiety, insomnia, and related emotional distress and suffering which requires medical attention.

64.     As a proximate cause of the Municipal defendants, defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, custom and policy of supporting and effectively promoting the very same police abuses which occurred against BRANDLEY PULLMAN, said plaintiff was further

subjected to great fear, personal humiliation and degradation, with wanton disregard for the serious harm and damage done to the physical and emotional wellbeing of the plaintiff.

65. That said occurrence and the resulting personal injuries to the said plaintiff were caused through no fault of his own but were caused solely and wholly by reason of the negligence of the aforementioned defendants as set forth above.

66. That by reason of the foregoing, plaintiff has been damaged in the sum of Ten Million Dollars ($10,000,000.00).

**AND AS FOR A THIRD CAUSE OF ACTION**
**42 U.S.C. § 1983 ALTERNATE LIABILITY OF THE MUNICIPAL DEFENDANTS**

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 59 of this complaint with the same force and effect as though fully set forth herein.

68. Defendants BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN lacked any probable cause to pursue and then use lethal force as against him and thus are directly liable for the constitutional violations that plaintiff BRADLEY PULLMAN suffered, in that Municipal defendants, hired and retained police officers who, acting within the course and scope of power and authority conveyed to the police officers by Municipal defendants violated the constitutional rights of BRADLEY PULLMAN.

69. As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of the Municipal defendants and the other defendants unjustifiably mistreated, illegally pursue and used excessive and disproportionate lethal force and caused death of BRADLEY PULLMAN. All of this was done in violation of the BRADLEY PULLMAN's civil and constitutional rights and he has suffered grave from psychological harm, humiliation, fear, terror and death. All of these rights are secured to plaintiff by the provisions of the Fourth Amendment, Sixth Amendment, the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. §§ 1981, 1983, 1985 and 1986 and the laws

of the State of New Jersey.

70.    That by reason of the foregoing, BRADLEY PULLMAN has been placed in fear of his life, fear of impending death, so terrified that the skin of his hand rubbed row on a steering wheel of his vehicle and deprived of his life and has been damaged in the sum of Three Million dollars ($3,000,000.00).

**AS AND FOR A FOURTH CAUSE OF ACTION 42 U.S.C. § 1985**

71.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 63 of this complaint with the same force and effect as though fully set forth herein.

72.    As a proximate cause of the Municipal defendants, defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, conspired to deprive plaintiff of his Fourth, Fifth, and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully pursue and then use excessive and unwarranted lethal force against BRADLEY PULLMAN as described above.

73.    Upon information and belief, the defendants As a proximate cause of the Municipal defendants, defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, further deprived the plaintiff of his due process rights; specifically by conspiring to prolong the defendant's unlawful detainment without probable cause, investigation, rule of law and by further defying the plaintiff his Fifth Amendment rights via a conspiracy to cover the misconduct of said officers and officials and to prevent plaintiff from being compensated for his wrongful arrest, detainment, and other physical and emotional harm incurred.

74.     Said actions by defendants As a proximate cause of the Municipal defendants, defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, denied the plaintiff his Due Process, and denied him the equal protection under the law. All of these rights are guaranteed to the plaintiff under U.S.C. §§'s 1983, 1985, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

75.     By assisting in the prolonged detainment and false charging of the plaintiff, As a proximate cause of the Municipal defendants, defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and other SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, acted in concert and with the shared purpose of denying plaintiff his rights to freedom of movement, protection from unlawful seizure, procedural and substantive due process, and the right to equal protection under the laws. These rights are guaranteed to the plaintiff under the First, Fourth, Fifth, and Fourteenth Amendments, as well as under 42 U.S.C. §§'s 1983 and 1985.

76.     As a result of said conspiracy by the defendants, as a proximate cause of the Municipal defendants, defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, BRADLEY PULLMAN has been subjected to unauthorized vehicular pursuit, grave injuries and death, and other due process violations.

77.     That by reason of the foregoing, plaintiff has been damaged in the sum of Five Million Dollars ($5,000,000.00).

**AS AND FOR A FIFTH CAUSE OF ACTION 42 U.S.C. § 1986**

78.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 71 of this complaint with the same force and effect as though fully set forth herein.

79.     The false detainment, wrongful arrest, assault, malicious prosecution, and other wrongful acts conducted against the plaintiff by the defendants BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, constituted abuse of process, abuse of authority, breach of police procedures, violations of state and federal laws and violations of the plaintiff's Fourth, Fifth, and Fourteenth Amendment rights. The defendant police officers negligently and recklessly breached their duty under 42 U.S.C. § 1986 to prevent the commission of the civil rights violations perpetrated against plaintiff, including violations of 42 U.S.C. §§ 1983 and 1985, and substantive and procedural due process infractions.

80.     The defendants BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, knew or should have known that the unauthorized vehicular pursuit, assault, use of unwarranted and excessive lethal force, of BRANDLEY PULLMAN violated the plaintiff's rights, guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. § 1983, 1985 and 1986.

81.     Each of the said defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1986 to prevent the unauthorized vehicular pursuit, assault, use of unwarranted and excessive lethal force against BRADLEY PULLMAN, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the plaintiff when such violations did in fact occur.

82.     The defendants and each of their failure to stop these wrongful actions constitutes a

breach of their duty to do so under 42 U.S.C. § 1986.

83. The defendants BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, knew or should have known that t the unauthorized vehicular pursuit, assault, use of unwarranted and excessive lethal force against BRADLEY PULLMAN were violative of his Fifth and Fourteenth Amendment rights to due process and equal protection, and were tantamount to unequal protection under the law, in violation of the plaintiff's fundamental rights under the Constitution.

84. Said defendants had the power to prevent the continued due process violations against plaintiff yet had failed to prevent the unauthorized vehicular pursuit, assault, use of unwarranted and excessive lethal force against BRADLEY PULLMAN, or to protect him from said abuses.

85. The exoneration of and refusal to discipline the defendant police officers for their misconduct against plaintiff is neglectful of their duty to prevent the further violation of plaintiff's right to compensation under 42 U.S.C. §§'s 1983, 1985 and 1986.

86. As a result of the failure of the above stated defendants to prevent the known violations stated above, the plaintiff has suffered extreme fear, personal humiliation and degradation, emotional and psychological harm to the detriment of his psychological health.

87. By reason of the foregoing, plaintiff has been damaged in the sum of Five Million Dollars ($5,000,000.00).

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(Municipal Liability – Ratification (42 U.S.C. § 1983))**

88. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 86 of her Complaint with the same force and effect as if fully set forth herein.

89. Defendants BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN acted under color of law.

90. The acts of Defendants BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN deprived BRADLEY PULLMAN and Plaintiff of their particular rights under the United States Constitution.

91. Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, ratified (or will ratify) Defendants BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN's acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of Defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO, CHEN's and SUPERVISORY OFFICERS JOHN DOES's 1-6 names currently unknown, in their official and individual capacity, acts.

92. Upon information and belief, a final policymaker has determined that the acts of Defendants BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN were "within policy."

93. On information and belief, Defendants BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with BRADLEY PULLMAN's death.

94. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of BRADLEY PULLMAN. The aforementioned acts and omissions also caused BRADLEY PULLMAN' conscious pain and suffering, loss of enjoyment of life, and death.

95. Accordingly, Municipal Defendants and BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(ASSAULT AND BATTERY)**

96.     The plaintiff repeats and realleges each and every allegation in paragraphs numbered 1 through 81 of this complaint with the same force and effect as if fully set forth herein.

97.     By their actions, as set forth above, the defendants BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, committed savage acts of assault and battery against BRADLEY PULLMAN, which included physically harm, physically assaulting and hitting BRADLEY PULLMAN with projectiles. This use of lethal force against BRADLEY PULLMAN was unnecessary and excessive.

98.     Municipal defendants are responsible for the threats and excessive and unnecessary physical and lethal force used by defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity because the misconduct alleged herein occurred when they were acting within the scope of their employment.

99.     As a result of the aforementioned threats and the use of unnecessary and excessive force, BRADLEY PULLMAN suffered the severe damages enumerated above.

100.    By reason of the foregoing, plaintiff has been damaged in the sum of Five Million Dollars ($5,000,000.00).

**AS AND FOR A EIGTH CAUSE OF ACTION**
**(NEGLIGENCE)**

101.    The plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 86 of this complaint with the same force and effect as though fully set forth herein.

102.    At all relevant times, all Defendants owed BRADLEY PULLMAN a duty of care to drive prudently, safely and within the bounds of the law, including a duty to exercise reasonable care, reasonable and prudent under the circumstances, while driving a motor vehicle on a roadway including controlling the location and speed of the vehicle as necessary to avoid colliding with any object, person or vehicle.

103.    Defendants breached their duty of care owed to BRADLEY PULLMAN when Defendants engaged in an unauthorized and improper vehicular pursuit and thereafter, failing to deescalate and unlawfully, excessively and improperly use lethal force in such a negligent manner so as to cause BRADELY PULLMAN's death, as described in this Complaint, in which BRADLEY PULLMAN was injured and ultimately died. Said unlawful, excessive and improper use lethal force, injuries and resultant death were caused solely by the negligence, tortious conduct and wrongdoing of Defendants without any negligence or contribution on the part of the Decedent.

104.    As the direct and proximate result of Defendant's negligence, tortious conduct and wrongdoing, Decedent sustained serious injuries that resulted in death.

105.    By reason of the foregoing, plaintiff has been damaged in the sum of Five Million Dollars ($5,000,000.00).

**AS AND FOR AN NINETH CAUSE OF ACTION**
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

106.    Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 89 of the complaint as if fully set forth herein.

107.    The aforementioned actions of defendants were so outrageous, malicious and shocking that it exceeded all reasonable bounds of decency tolerated by the average member of the community.

108.    Defendants acted with the desire and intent to cause plaintiff emotional distress or acted under circumstance known to them which made it substantially certain that they would cause

such emotional distress.

109. Defendants acted with utter disregard of the consequences of their actions.

110. As a result, BRADLEY PULLMAN was caused to suffer the severe emotional distress.

111. By reason of the foregoing, plaintiff has been damaged in the sum of Five Million Dollars ($5,000,000.00).

## AS AND FOR A TENTH CAUSE OF ACTION
### (NEGLIGENT HIRING TRAINING, SUPERVISING, AND RETAINING)

112. Plaintiffs repeat and reiterate the allegations contained in paragraphs 1 through 95 of the complaint as if fully set forth herein.

113. The actions of Municipal defendants, through its agents, servants and/or employees, including defendants, BENNETT, MANNA, CLARKE, FRANCO, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, heretofore described constitutes negligence in that Municipal defendants, defendants, BENNETT, MANNA, CLARKE, FRANCO, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity negligently trained or failed to train its agents, servants, or employees, especially including defendants BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity.

114. The actions of Municipal defendants, defendants BENNETT, MANNA, CLARKE, TRACEY, FRANCO, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, through its agents, servants, or employees, including defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity,

heretofore described constitutes negligence in that Municipal defendants, defendants, BENNETT, MANNA, CLARKE, FRANCO negligently supervised or failed to supervise its agents, servants, or employees, especially including defendants BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown.

115.   The actions of Municipal defendants, defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, were, through its agents, servants, or employees, including defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, heretofore described constitutes negligence in that Municipal defendants, defendants, BENNETT, MANNA, CLARKE, FRANCO, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown negligently disciplined or failed to discipline its agents, servants, or employees, especially including defendants BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown.

116.   Municipal defendants, defendants, BENNETT, MANNA, CLARKE, FRANCO, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, were negligent in its hiring of its agents, servants and/or employees, especially including defendants BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, who Municipal defendants SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, knew or in the course of adequate and proper investigation should have reasonably known, were unfit to hold their positions.

117.    Municipal defendants, defendants, BENNETT, MANNA, CLARKE, FRANCO, in their official and personal capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown were negligent in its retention of its agents, servants and/or employees, especially including defendants, BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN, who defendants Municipal defendants, defendants, BENNETT, MANNA, CLARKE, FRANCO, in their official and individual capacity and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, knew, or in the course of adequate and proper investigation should have reasonably known, were unfit to hold their positions in that they refused or failed to perform within the statutory and constitutional limits of their authority and misused and abused their positions.

118.    As a result of the negligence of Municipal Defendants and BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, and other agents, servants and/or employees of defendants, without any negligence on the part of BRADLEY PULLMAN. BRADLEY PULLMAN was caused to suffer severe pain and suffering, emotional and psychological distress, anxiety, fear, humiliation loss of freedom, and death.

119.    By reason of the foregoing, plaintiff has been damaged in the sum of Five Million Dollars ($5,000,000.00).

## AS AND FOR A ELEVENTH CAUSE OF ACTION
### (PUNITIVE DAMAGES)

120.    That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 103 of this complaint with the same force and effect as though fully set forth herein.

121.    The acts of Municipal Defendants and BENNETT, MANNA, CLARKE, TRACEY, CIAMPI, FRANCO and CHEN and SUPERVISORY OFFICERS JOHN DOES 1-6 names currently unknown, in their official and individual capacity, were willful, wanton, malicious and

oppressive and were motivated solely by a desire to harm BRADLEY PULLMAN without regard for HIS well being and were based on a lack of concern and ill-will towards plaintiff. Such acts therefore deserve an award of Ten Million Dollars ($100,000,000.00) as punitive damages.

**AS AND FOR AN TWELFTH CAUSE OF ACTION**
**(ATTORNEYS' FEES)**

122.    The Plaintiffs repeat and reiterate the allegations contained in paragraphs 1 through 120 of the complaint as if fully set forth herein.

123.    The actions of defendants heretofore described resulting from the April 26, 2020, arrest, detention, imprisonment assault, use of excessive force, and prosecution of the BRADLEY PULLMAN, constitute an unlawful arrest and imprisonment, assault, use of excessive force, and malicious prosecution which deprived BRADLEY PULLMAN of rights, privileges, and immunities as guaranteed under the United States Constitution, Amendments One, Four, Five, and Fourteen, the New York State Constitution, the Civil Rights Acts, 42 U.S.C. §§ 981, 1983, 1985, 1986, and 1988 and the complained of conduct was either the result of an official policy or unofficial custom, including but not limited to, policies and customs concerning the hiring, training, supervision, retention and discipline of the Municipal defendants, their agents, servants and/or employees, and those involving the arrest, detention and use of excessive and unwarranted lethal force against individuals, including BRADLEY PULLMAN.

124.    That the Plaintiffs have incurred significant attorneys' fees in the prosecution of the above referenced. claims against the defendants. That in the event that Plaintiffs are successful in the prosecution of the aforesaid claim(s), Plaintiffs shall be a prevailing party within the meaning of 42 USC § 1988 and entitled to the recovery of said attorneys' fees from the defendants.

WHEREFORE, plaintiff demands judgment against defendants:

a. On the First Cause of Action in the sum of Ten Million dollars ($10,000,000.00).

b. On the Second Cause of Action in the sum of Ten Million dollars ($10,000,000.00).

c. On the Third Cause of Action in the sum of Three Million dollars ($3,000,000.00).

d. On the Fourth Cause of Action in the sum of Five Million dollars ($5,000,000.00)

e. On the Fifth Cause of Action in the sum of Five Million dollars ($5,000,000.00)

f. On the Sixth Cause of Action in the sum of Five Million dollars ($5,000,000.00)

g. On the Seventh Cause of Action in the sum of Five Million dollars ($5,000,000.00)

h. On the Eighth Cause of Action in the sum of Five Million dollars ($5,000,000.00)

i. On the Ninth Cause of Action in the sum of Five Million dollars ($5,000,000.00)

j. On the Tenth Cause of Action in the sum of Ten Million dollars ($5,000,000.00)

k. On the Eleventh Cause of Action in the sum of Ten Million dollars ($100,000,000.00)

l. On the Twelfth Couse of Action in the sum set by this Court within the meaning of 42 USC § 1988 which, it will deem just and proper.

m. Declaratory Judgment that defendants willfully violated plaintiffs' rights secured by federal and state law as alleged herein;

n. Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

o. An order granting such other legal and equitable relief as the court deems just and proper.

p. Award costs of this action including attorney's fees to the plaintiff pursuant to 42 U.S.C. § 1988,

A jury trial is hereby demanded.

Dated: April 22, 2022
        Ft. Lee, New Jersey

                                        Respectfully Submitted,

                                        By _/S/_ Alexander Barakh_____
                                        ALEXANDER BARAKH, ESQ.
                                        Attorney for Plaintiff
                                        260 Columbia Avenue Suite 18
                                        Ft. Lee, New Jersey 07024
                                        Tel. (201) 224-9904

Case No:
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------------------------------------------------------X

DAVID PULLMAN, as co-administrator of BRADLEY PULLMAN'S estate,

Plaintiff,

-against-

PASSAIC COUNTY NEW JERSEY, THE CITY OF MOUNTAIN LAKES NEW JERSEY, CITY OF MOUNTAIN LAKES POLICE DEPARTMENT, THE CITY OF FAIRFIELD NEW JERSEY, THE CITY OF FAIRFIELD POLICE DEPARTMENT, THE CITY OF WAYNE NEW JERSEY, THE CITY WAYNE POLICE DEPARTMENT, CITY OF MOUNTAIN LAKES POLICE DEPARTMENT CHIEF SHAWN BENNETT, in his official and individual capacity, THE CITY OF FAIRFIELD POLICE DEPARTMENT CHIEF ANTHONY MANNA, in his official and individual capacity, THE CITY WAYNE POLICE DEPT CHIEF JAMES CLARKE, in his official and individual capacity, SGT. FRANK TRACEY OF THE FAIRFIELD POLICE DEPARTMENT, in his official and individual capacity, OFFICER JAMES CIAMPI OF THE FAIRFIELD POLICE DEPARTMENT, in his official and individual capacity, OFFICER KEVIN CHEN OF THE FAIRFIELD POLICE DEPARTMENT, in his official and individual capacity, LT. ROBERT FRANCO OF THE WAYNE POLICE DEPARTMENT, in his official and individual capacity, ALL OTHER MOUNTAIN LAKES POLICE OFFICER INVOLVED JOHN AND JANE DOES 1-10, names currently unknown, in their official and personal capacity, ALL OTHER FAIRFIELD POLICE OFFICER INVOLVED JOHN AND JANE DOES 1-10 names currently unknown, in their official and personal capacity, ALL OTHER THE CITY OF WAYNE POLICE OFFICER INVOLVED JOHN AND JANE DOES 1-10 names currently unknown, in their official and personal capacity, ALL OTHER PASSAIC COUNTY EMPLOYEE INVOLVED JOHN AND JANE DOES 1-10 names currently unknown, in their official and personal capacity, ALL OTHER STATE OF NEW JERSEY GOVERNMENT EMPLOYEE INVOLVED JOHN AND JANE DOES 1-10 names currently unknown, in their official and personal capacity,

Defendants.

------------------------------------------------------------------------------------------------------------------X

**COMPLAINT**

ALEXANDER BARAKH, ESQ.
Attorneys for Plaintiff
*Office and Post Office Address, Telephone*
260 Columbia Avenue Suite 18
Ft. Lee, New Jersey 07024
TELEPHONE (201) 224-9904
**"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"**

*Attorney(s) for*

*Service of a copy of the within    is hereby admitted*
*Dated:,*

........................................................
*Attorney(s) for*

_____