UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID PULLMAN
*as co-administrator of BRADLEY PULLMAN'S estate*,

    Plaintiff,

v.

PASSAIC COUNTY NEW JERSEY, *et al*.,

    Defendants.

Civil Action No. 22-02353 (JXN)(MAH)

**MEMORANDUM & ORDER**

**NEALS**, District Judge

This matter comes before the Court on Defendant County of Passaic's (the "County" or "Defendant") unopposed[1] motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 24.) Jurisdiction is proper pursuant to 28 U.S.C. § 1331. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's motion to dismiss is **GRANTED**.

**I.    BACKGROUND**[2]

On April 26, 2020, while driving in Wayne, New Jersey, Bradley Pullman was pursued by police for allegedly making an illegal U-turn. (Compl., ¶ 34.) As Bradley Pullman exited his vehicle, he was shot and killed by Defendants Chief Shawn Bennett ("Bennett"), Chief Anthony Manna ("Manna"), Chief James Clarke ("Clarke"), Sgt. Frank Tracey ("Tracey"), Police Officer

---

[1] The deadline for Plaintiff to submit opposition papers was March 15, 2023. (*See* ECF No. 29.) To date, Plaintiff has not submitted an opposition nor requested an additional extension of the deadline to oppose the County's motion. Accordingly, this Court reviews the motion as unopposed.

[2] When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The Court cites to page numbers listed in the ECF header.

James Ciampi ("Ciampi"), Lt. Robert Franco ("Franco"), and Police Officer Kevin Chien ("Chien") (collectively the "Named Officer Defendants"). (Compl., ¶ 35.)

On April 22, 2022, Plaintiff David Pullman, as co-administrator ("Plaintiff"), filed this this action on behalf of Bradley Pullman (the "Decedent") against the County, the Named Officer Defendants, and other local police officers, municipalities, and governmental entities alleging violation of the Decedent's Fourth, Fifth and Fourteenth Amendments rights pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1988. (*See generally* Compl.) In the Complaint, Plaintiff asserts that the Decedent did not pose an immediate threat of death or serious bodily injury to the Named Officer Defendants or anyone else. (Compl., ¶ 36.) Plaintiff alleges that the Decedent was struck by the gun projectiles multiple times, including in the head, and ultimately died from the gunshot wounds. (*Id.*) Plaintiff claims the Named Officer Defendants "lacked probable cause, reasonable suspicion that [the Decedent] represented an immediate risk of harm to their health and lives, or justifiable reason for the use of a deadly force against [him]." (Compl., ¶ 38.)

On December 27, 2022, the County filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 24). Plaintiff did not file a brief in response.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2)[3] requires a complaint to set forth a "short and plain statement of the claim showing that a pleader is entitled to relief." This short and plain statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The pleading standard under Rule 8 requires "more than an unadorned, the defendant-

---

[3] For the sake of brevity, all references herein to "Rule" or "Rules" will be to the Federal Rules of Civil Procedure.

2

unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted); *Dillin v. Constr. & Turnaround Servs., LLC*, No. 14-8124, 2015 WL 5545236, at *2-3, 2015 U.S. Dist. LEXIS 124873 at *7-8 (D.N.J. Sept. 18, 2015). "[A] complaint attacked by a ... motion to dismiss does not need detailed factual allegations." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. But conclusory or bare-bones allegations will not do. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). *Iqbal* held, "to survive a motion to dismiss, a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." *Id*. at 678, 129 S.Ct. 1937 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the standard).

### III. DISCUSSION

Under *Monell*, a municipality can only be liable for a constitutional violation pursuant to an action based on 42 U.S.C. § 1983 when "the alleged constitutional transgression implements a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Moreover, a plaintiff must demonstrate that "a local government's policy or custom inflicted the injury in question." *Est. of Roman v. City of Newark*,

914 F.3d 789, 798 (3d Cir. 2019) (quoting *Monell*, 436 U.S. at 694) (internal brackets and quotation marks omitted)).

The County contends that aside from being named as a defendant in the caption of the Complaint, Plaintiff fails to allege any facts to show that the County had any connection to the local police departments or officers involved in the matter. (*See* ECF No 24-3 at 10.) The County further asserts that neither the County nor its agents were present when the fatal shooting occurred or the events leading up to the Decedent's death. (*Id*. at 5.) The County maintains that it exercises jurisdiction over the Passaic County Sheriff's Department, which arrived at the scene to assist after the shooting. (*Id*.)

To the extent Plaintiff is attempting to allege § 1983 claims against the County, he has failed to state a claim for relief. The liability of a municipality, like the County, under 42 U.S.C. § 1983 is governed by *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The County may not be found liable simply because it employs wrongdoers. *See id*. at 691-92; *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003). Instead, Plaintiff must assert facts showing that the County had a relevant policy or custom and that the policy or custom caused a violation of Plaintiff's constitutional rights. *See Natale*, 318 F.3d at 583-84; accord *Jiminez v. All American Rathskeller, Inc*., 503 F. 3d 247, 249 (3d Cir. 2007) (stating that a plaintiff must show a "direct causal link between a ... policy or custom and the alleged constitutional deprivation.") (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

Here, Plaintiff's Complaint has not set forth with any specificity what actions or inactions were taken by the County or any of its agents. Moreover, Plaintiff does not allege facts indicating that the County adopted a policy or practice that directly caused the constitutional violations at issue. Thus, Plaintiff has failed to allege sufficient facts to create a plausible claim against the

County. The Court is unable to determine whether an amendment to the Complaint would be inequitable or futile and accordingly, will dismiss the claims against the County without prejudice. *See Alston v. Parker,* 363 F.3d 229, 235 (3d Cir.2004); *see also Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002); *Prudential Ins. Co. of Am. v. Bank of Am., Nat. Ass'n,* 14 F. Supp. 3d 591, 596 (D.N.J. 2014).

### IV.   CONCLUSION

Accordingly, for the reasons stated above,

**IT IS**, on this 17th day of August 2023,

**ORDERED** as follows:

1.   The County of Passaic's motion to dismiss (ECF No. 24) is **GRANTED,** and Plaintiff's Complaint is **DISMISSED without prejudice** as to the County of Passaic; and further

2.   Plaintiff may file an amended complaint within fourteen (14) days of the date of this Memorandum and Order. If Plaintiff does not file an amended complaint within that time, the Court will dismiss with prejudice Plaintiff's claims against the County of Passaic.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge